# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:					)
						)	**JUDGE RICHARD L. SPEER**
Susan Faye Jenkins			)
						)	Case No. 07-31191
	Debtor(s)			)
						)
						)

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Objection of the Debtor to the Notice of Intention to Pay Claim filed by the Trustee. (Doc. No. 100). In the Notice of Intent to Pay Claim, the Trustee seeks to commence payment on the Proof of Claim filed by the Mercer County Treasurer. (Doc. No. 93). Subsequent to the filing of the Notice to Pay Claim, the Debtor also filed an Objection to the Claimant's Proof of Claim. (Doc. No. 95). This matter was heard by the Court in conjuncture with the Debtor's Objection to the Trustee's Notice of Intent to pay Claim.

At the conclusion of the Hearing held on these matters, the Court afforded the Claimant and the Debtor the opportunity to file written arguments in support of their respective positions. The Parties have since submitted arguments and evidence in support. The Court, after having had the opportunity to review the materials submitted by the Parties, finds, for the reasons set forth herein, that the Objections filed by the Debtor should be Sustained in Part and Denied in Part.

## FACTS

On March 31, 2007, the Debtor, Susan Faye Jenkins, filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. At the time she filed her petition in bankruptcy, the Debtor was the owner of three parcels of real property. From one of the parcels of real property, the Debtor operated a bar/tavern. This business is no longer in operation.

In re: Susan Faye Jenkins
Case No. 07-31191

In December of 2006, based upon a cognovit note signed in connection with her bar/tavern business, a judgment was obtained against the Debtor in the amount of $63,529.48. The following month, in January of 2007, the creditor in whose favor judgment was entered, First Financial Bank, commenced an action in state court to foreclose on the property from which the bar operated. Within one week of the commencement of the foreclosure action, the Mercer County Treasurer, having been named as a defendant in the action, filed a responsive pleading.

The state-court foreclosure action was thereafter stayed when the Debtor filed her petition for bankruptcy relief. On April 3, 2007, an order to that effect was entered by the state court. The following year, on July 8, 2008, an order was entered by this Court, relieving the automatic stay against the property housing the Debtor's former bar business. (Doc. No. 78). Based on this Order, the Mercer County Treasurer, on April 2, 2009, filed a Motion to reactivate the state court foreclosure action against the property housing the Debtor's former bar business.

At the time the Debtor filed for bankruptcy relief, she submitted a plan of reorganization. In this plan, the following terms were set forth:

> (1) *Real Estate Taxes*. There are real estate taxes assessed, but not yet due and owing. Any real estate taxes shall be satisfied by payment from the Debtors or by the sale of the real property. (¶ (1)(a)(3)).
>
> (2) All other 1322(a)(2) and 1305(a)(1) claim shall be paid in full by deferred payments in such installments as the trustee in his sole discretion shall deem appropriate. (¶ (1)(a)(5)(b)).
>
> (3) Claims allowed for post petition debts incurred by debtor may be paid in full and in such other and on such terms as the Trustee, in his sole discretion, may determine. (¶ 5).

(Doc. No. 2). The Debtor's plan was later confirmed by the Court. (Doc. No. 33).

Page 2

**In re: Susan Faye Jenkins**
**Case No. 07-31191**

In her bankruptcy case, a proof of claim was filed by a business entity named Pramco, a successor-in-interest to the cognovit judgment entered in favor of First Financial Bank. This proof of claim, having arisen from the Debtor's interest in the real property housing her bar business, was set forth as a secured claim. The claim, in the amount of $67,207.51, was filed in May of 2007. The Debtor objected to Pramco's proof of claim, with an order subsequently being entered by the Court providing for the withdrawal of Pramco's claim based upon an agreement reached by the Parties. (Doc. No. 91). The Debtor explained the circumstances surrounding this agreement as follows:

> Pramco filed a Motion for Relief from Stay as to the [Bar] Property. On July 8, 2008 an Agreed Order was entered authorizing Pramco to proceed with the Foreclosure Action and to file any deficiency claim within 60 days after liquidation of the Collateral, if such claim existed.
>
> After satisfaction of all claims allowed, there remained $27,067.04 on hand with the Trustee. On October 6, 2008, Pramco sought to file an unsecured claim without having done anything with respect to the Property in State Court. The debtor objected to this Claim and it was ultimately resolved by the withdrawal of the claim. (Document No. 91) This agreement to withdraw was based on the agreement that the funds on hand would be distributed to Counsel for the Debtor with the further agreement that Counsel would distribute $20,000.00 to Pramco, $7,067.04 to the Debtor, the Debtor would either give a deed in lieu or cooperate in the Foreclosure Action and no further claims would be asserted against the Debtor.

(Doc. No. 103, at pg. 4).

In the schedules accompanying her bankruptcy petition, the Debtor disclosed her interest in the three parcels of real property, including the bar/tavern, but did set forth the Mercer County Treasurer as a party having an interest in her bankruptcy case. As a result, the clerk for this Court did not provide notice to the Mercer County Treasurer of the Debtor's bankruptcy filing and any matters related thereto, including the Debtor's proposed plan of reorganization and the claims bar

Page 3

**In re: Susan Faye Jenkins**
**Case No. 07-31191**

date which set September 27, 2007, as the deadline for a governmental unit to file a proof of claim.[1] (Doc. No. 5).

On January 29, 2009, the Mercer County Treasurer filed a proof of claim for outstanding taxes owed on the property housing the bar/tavern. (Cl. No. 16). It is this proof of claim which forms the basis of the dispute now before the Court. In a later affidavit submitted to the Court, the Treasurer set forth that there is currently outstanding and due on this parcel of property the sum of $8,039.46. (Doc. No. 102, Ex. A). Of this amount, $2,021.08 constitutes real estate taxes that were outstanding as of December 31, 2006, the last billing period before the Debtor filed her petition for bankruptcy relief. The remaining real estate taxes, totaling $6,018.38, can thus be ascribed to amounts which accrued postpetition.

## DISCUSSION

The matters before the Court – the Debtor's objection to Notice of Intent to Pay Claim and the Debtor's objection to proof of claim – require the determination of the validity and, if valid, the amount of the proof of claim filed by the Mercer County Treasurer (referred to as the "Claimant"). Pursuant to 28 U.S.C. § 157(b)(2)(B), the determination as to the allowance or disallowance of claims against the estate are deemed to be core proceedings. The Court, therefore, has jurisdiction to enter final orders and judgments with respect to the matters now before the Court. 28 U.S.C. §157(b)(1).

---

[1] Unless directed by a creditor otherwise, the clerk, when required to provide notice, is to mail such notice "to the address shown on the list of creditors or schedule of liabilities, whichever is filed later." FED.R.BANKR.P. 2002(g)(2).

Page 4

In re: Susan Faye Jenkins
Case No. 07-31191

     A primary function of bankruptcy law is to provide a uniform method and a neutral forum for the prompt determination of claims held by creditors. *Gardner v. New Jersey*, 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947). Claims are made against a debtor's bankruptcy estate, normally by filing a proof of claim. *In re CBI Holding Co., Inc.*, 529 F.3d 432 (2nd Cir. 2008) (filing a proof of claim against a bankruptcy estate triggers the process of 'allowance and disallowance of claims'). To expedite the determination of claims, § 502(a) of the Bankruptcy Code directs that, once a proof of claim is filed, it is "deemed allowed," unless a party in interest objects.

     If, as here, a party does object to a proof of claim, § 502(b) further directs that the court "after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition . . . ." Section 502(b) then goes on to provide that the court "shall allow" the claim in the amount determined, except to the extent it falls within one of nine enumerated categories of prohibited claims. The nine categories of prohibited claims in § 502(b) are exclusive, providing the sole grounds upon which a claim may be disallowed. *In re Woods*, 406 B.R. 293, 297 (Bankr. N.D.Ohio 2009).

     In this matter, the Debtor's principal basis for objecting to the Trustee's payment of the claim of the Mercer County Treasurer centers on said Claimant filing its proof of claim outside the applicable bar date. As the statutory basis for this objection, the Debtor cites to § 502(b)(9) which provides, in relevant part:

> (b) . . . the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that–
>
> > (9) *proof of such claim is not timely filed*, . . . except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide . . . .

Page 5

In re: Susan Faye Jenkins
Case No. 07-31191

(emphasis added).

For most creditors, the deadline to file a proof of claim is set at "90 days after the first date set for the meeting of creditors called under § 341(a) of the Code." FED.R.BANKR.P. 3002(c). However, as set forth in the latter portion of § 502(b)(9), a governmental unit, such as the Claimant, is afforded additional time to file a proof claim, having 180 days, commencing from the date a debtor seeks bankruptcy relief, to file its proof of claim. Even so, the proof of claim filed by the Claimant in this case falls well outside the enlarged time frame provided to governmental units by § 502(b)(9).[2] The Debtor sought bankruptcy relief on March 31, 2007; pursuant to the notice sent by the clerk, the 180-day deadline for the Claimant to file a proof of claim expired on September 27, 2007; the Claimant, however, did not file its proof of claim until January 29, 2009, more than a year after the claims bar date.

Substantively, the Claimant did not dispute the untimeliness of its proof of claim. Instead, in its arguments to the Court, the Claimant set forth that its claim should be allowed based upon the doctrine of "equitable tolling." (Doc. No. 102). The Claimant further took the position that, notwithstanding the untimeliness of its proof of claim under § 502(b)(9), the postpetition portion of its claim should be deemed timely pursuant to § 1305 of the Bankruptcy Code. *Id.* Beginning with the issue of equitable tolling, the merits of each of these positions is now discussed.

---

[2] The 180-day time limit for a governmental unit to file a proof is also set forth in Bankruptcy Rule 3002(c)(1) which provides, in pertinent part:

> (1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief.

Page 6

In re: Susan Faye Jenkins
Case No. 07-31191

The doctrine of equitable tolling holds that a "statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 421 (6th Cir. 2007), *citing Luntungan v. Attorney Gen.*, 449 F.3d 551, 557 (3rd Cir. 2006) (per curiam). The Supreme Court has recognized the applicability of this doctrine in the bankruptcy context. In *Young v. United States*, the Supreme Court held that the "three-year lookback period [for holding tax debts nondischargeable under § 507(a)(8)(A)(i)] is a limitations period subject to traditional principles of equitable tolling." 535 U.S. 43, 47, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002). In *Young*, the debtor had sought to discharge tax debts in a Chapter 7 bankruptcy, as falling outside the three-year lookback period of § 507(a)(8)(A)(i), arguing that the time limitation of this provision continued to run during the pendency of a prior Chapter 13 bankruptcy when all collection activities of the IRS were stayed.

Although limitation periods of the Bankruptcy Code may, as a general matter, be equitably tolled, the propriety of allowing a late filed proof of claim over a party's objection has been in doubt since the enactment of § 502(b)(9). This provision was added to the Bankruptcy Code in 1994 for the specific purpose of overruling those cases which did not recognize tardiness as a basis for the disallowance of a proof of claim. The Congressional record set forth:

> The amendment to section 502(b) is designed to overrule *In re Hausladen*, 146 B.R. 557 (Bankr. D. Minn. 1992), and its progeny by disallowing claims that are not timely filed. The amendment also specifies rules relating to the filing of certain governmental claims. These changes are not intended to detract from the ability of the court to extend the bar date for claims when authorized to do so under the Federal Rules of Bankruptcy Procedure.

(Bankruptcy Reform Act of 1994, Pub.L.No. 103-394; 140 Cong. Rec. H10752-01, *H10768). In the *In re Hausladen* case, as cited above, the court had held that, because late filed proofs of claim were not specifically disallowed by § 502(b), a claim filed in Chapter 13 case could not be disallowed for the sole reason that it was tardily filed.

Page 7

In re: Susan Faye Jenkins
Case No. 07-31191

Decisions rendered by other courts since the enactment of § 502(b)(9) have also shown a reluctance to apply the equitable tolling doctrine so as to allow late filed proofs of claim. *See, e.g., In re Gardenhire*, 209 F.3d 1145, 1151 (9th Cir. 2000) (holding that equitable tolling did not apply to late filed proofs of claim under § 502(b)(9)); *Matter of Greenig*, 152 F.3d 631, 635 (7th Cir. 1998) (equitable considerations do not provide basis for allowing a creditor's late proof under § 502(b)(9)). *But see IRS v. Hildebrand*, 245 B.R. 287 (M.D.Tenn. 2000) (§ 502(b)(9) did not preclude the equitable tolling of the bar date for filing claims in a Chapter 13 case where the IRS was not notified or listed as a creditor in the debtor's bankruptcy).[3] In addition, it is noted that even before late filed claims were explicitly disallowed under the Code, this Court, although not presented with the issue of equitable tolling, rejected the position that a creditor, when it receives notice of a debtor's Chapter 13 filing, should be allowed to file late proof of claim over a debtor's objection. *In re Wilt*, 84 B.R. 480 (Bankr. N.D.Ohio 1988).

The harshness of this approach – that late filed proofs of claim are to be absolutely disallowed – is ameliorated by § 523(a)(3)(A).[4] Under this provision, if a debt is not scheduled in time to permit a creditor to file a proof of claim in a case in which a distribution is made to creditors,

---

[3] Appeal dismissed for lack of subject matter jurisdiction, 248 F.3d 484 (6th Cir. 2001).

[4] This provision provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

   (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit–

      (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing;

Page 8

**In re: Susan Faye Jenkins**
**Case No. 07-31191**

the debt is nondischargeable. Consequently, since a distribution to creditors is almost always made in a Chapter 13 bankruptcy, a creditor not receiving notice of a debtor's bankruptcy will still have, at the end of the plan, recourse against the debtor. A debtor, therefore, has every incentive to schedule all known creditors.

In any event, the Court need not directly decide the issue of whether a creditor, when faced with the disallowance of its claim under § 502(b)(9), can use the doctrine of equitable tolling to have its claim allowed. The doctrine of equitable tolling, as stated earlier, supposes that the party moving for the doctrine's application was diligent in their efforts to protect their rights within the limitations period. The necessary degree of diligence has not been shown by the Claimant

The Claimant, although not receiving formal notice of the Debtor's bankruptcy filing, can be assumed to have had actual notice of the Debtor's bankruptcy in time to file a proof of claim. Specifically, the facts show: The Debtor filed her petition for bankruptcy relief on March 31, 2007, and that a claims bar date for a governmental unit to file a proof of claim was set for September 27, 2007. However, well prior to the expiration of the claims bar date, a foreclosure action pending against the Debtor was stayed pursuant to an order entered by the court adjudicating the foreclosure action. This order of stay, dated April 3, 2007, was entered in direct response to the Debtor having sought relief in this Court.

In the foreclosure action, the Claimant was a party and participated by filing a responsive pleading. As such, the Court can first assume that the Claimant received notice of the order, entered on April 3, 2007, staying the foreclosure action. Secondly, it can be assumed that, since the stay order was predicated on the commencement of this case, the Claimant also received, on or around April 3, 2007, notice of the Debtor's status as a debtor in bankruptcy. In this regard, the Court rejects the Claimant's contention that it did not became aware of the Debtor's bankruptcy until January 29,

Page 9

**In re: Susan Faye Jenkins**
**Case No. 07-31191**

2009. Accordingly, it stands to reason that the Claimant had at least five full months – from early April of 2007 to September 27, 2007 – in which to file a proof of claim.

To be sure, the Claimant, having not been formally named as a creditor, would not have received specific notice of the claims bar date. Similarly, the Claimant would not have been privy to the terms set forth in the Debtor's plan of reorganization. It is a common maxim, however, that equity aids only the vigilant. Diligence, for purposes of equitably tolling a limitations period, thus, necessary contemplates that a party take timely measures to protect their rights. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990) (equitable tolling does not extend to a garden-variety claim of excusable neglect). The Claimant, however, having become aware of the Debtor's bankruptcy filing in early April of 2007, did nothing at that time, or within a reasonable time thereafter, to protect its rights. As such, the Claimant cannot rely on the doctrine of equitable tolling to preserve its claim in the Debtor's bankruptcy case.

The Claimant also seeks the allowance of its claim pursuant to § 1305 of the Bankruptcy Code. This provision permits, in limited instances, a party to file a proof of claim for obligations arising postpetition. The first of those limited instances pertains to postpetition taxes, with § 1305(a) providing:

> (a) A proof of claim may be filed by any entity that holds a claim against the debtor–
>
> > (1) for taxes that become payable to a governmental unit while the case is pending[.]

Section 1305(a)(1) was enacted in order to permit, but not compel, governmental taxing authorities, whose claims arise during the pendency of the Chapter 13 case, to participate in the case, rather than waiting until the completion of the case to seek payment. *Dixon v. United States (In re Dixon)*, 210

Page 10

In re: Susan Faye Jenkins
Case No. 07-31191

B.R. 610, 615 (Bankr. W.D.Okla. 1997). An allowable claim under § 1305 is akin to an administrative claim under § 503.

For purposes of § 1305(a)(1), it is readily recognized that the Claimant is a governmental unit seeking to collect a tax debt – in particular, property taxes assessed against real estate owed by the Debtor. The Debtor also did not take issue that of the $8,039.46 in property taxes owed, $6,018.38 arose postpetition, during the pendency of the Debtor's case. Finally, there is no basis to conclude that, insofar as it involves postpetition property taxes, the Claimant was dilatory in filing is proof of claim. Unlike with prepetition claims, neither the Bankruptcy Code or Rules provide a deadline for a party to file a proof of claim for the kind of obligation described in § 1305. Thus, as observed in a leading treatise on the matter: "Presumably the proof of such a claim may be filed within a time that the court may provide or find reasonable." 7 Norton Bankr. L. & Prac. 3d § 146:19.

Based upon its compliance with these prerequisites of § 1305(a), nothing presented by the Debtor suggests that the Claimant was not entitled to file a proof of claim for postpetition property taxes owed by the Debtor.[5] In fact, the Debtor acknowledged that the Claimant is entitled to be paid

---

[5]

Although not presented as an issue, Ohio law would appear to hold that liability for a real estate tax debt is limited to *in rem* relief, with no *in personam* liability attaching to the obligation. *See Ohio Sav. Bank & Trust Co. v. Bolce*, 165 Ohio St. 201, 208, 135 N.E.2d 382 (1956) (obligations for real property tax are not personal but "run with the land"); *In Matter of Estate of Patten*, 1981 WL 6764 * 7 (Ohio App. 1981) (real estate taxes are liens against the land but are not personal obligations of the decedent); *Weiler v. Third Nat. Bank and Trust Co.*, 1986 WL 9510 *1 (Ohio App. 1986) (real estate taxes, while a claim upon real estate, are not a personal obligation); *Newman v. Newman Mfg. Co.*, 31 Ohio N.P.(N.S.) 273, 1933 WL 2359 (Ohio Com. Pl. 1933) ("It seems to the court that the fundamental nature of a tax upon real estate precludes the implying of a personal obligation."). But see O.R.C. § 5721.192 (allowing, in limited instances, a deficiency judgment for unpaid real estate taxes).

A question, thus, arises whether a real estate tax obligation would qualify as a "claim against the debtor" for purposes of § 1305(a). In the end, however, this issue is more of an academic

Page 11

In re: Susan Faye Jenkins
Case No. 07-31191

for all the outstanding real estate taxes accrued against that property of the Debtor's which formerly housed her bar business. Rather, against the proof of claim submitted by the Claimant, the Debtor takes the position that the claim should not be paid from the proceeds on hand because to do so would violate the terms of her confirmed plan. (Doc. No. 103, at pgs. 5-6).

The Debtor's position relies on the following language in her confirmed plan: "Confirmation of the plan shall operate as modification of the stay to permit the sale either by public auction or foreclosure as may be agreed by the parties." (Doc. No. 2, ¶ 2(d)). According to the Debtor, her agreement with Pramco – regarding the bar property in which she and Pramco reach a global settlement on the treatment of Pramco's claim and the distribution of proceeds held by the Trustee – would be unfairly compromised and violate this provision if the Trustee were to pay the postpetition real estate taxes claimed by the Claimant. The Court disagrees.

First, the plan language relied upon by the Debtor is unspecific, mentioning nothing about the treatment of real estate taxes. Under this condition, the Court is reluctant to read the Debtor's plan as compromising the Claimant's right to file a claim pursuant to § 1305(a). Moreover, as this Court just recently observed: "ambiguities in plan language must be construed against a debtor, as the drafter of the document." *In re Woods*, 406 B.R. 293, 299 (Bankr. N.D.Ohio 2009).

Even if not the case, the Debtor's plan of reorganization is more easily read as acknowledging the Claimant's right to assert a claim for postpetition real estate taxes. First, paragraph (1)(a)(3) of her plan provided that any "real estate taxes shall be satisfied by payment from the *Debtors* or by the sale of the real property." (emphasis added). Here, the reference to "Debtors"

---

exercise because accrued and owing postpetition real estate taxes will normally qualify as an administrative expense under § 503(b)(1)(B)(i), which specifies that it includes "property taxes for which liability is in rem, in personam, or both . . . ."

Page 12

In re: Susan Faye Jenkins
Case No. 07-31191

makes it reasonable to contemplate that the Debtor would be responsible for paying accruing real estate taxes. This is reinforced by § 1327(b), which provides that "confirmation of a plan vests all of the property of the estate in the debtor."

Other provisions of the Debtor's plan do nothing to contradict the Claimant's right to assert a claim under § 1305(a). To the contrary, two provisions of the Debtor's plan can be construed as expressly acknowledging the Claimant's right to assert a claim for postpetition real estate taxes. First, paragraph (1)(a)(5)(b) of the Debtor's plan specifically provides that a "1305(a)(1) claim shall be paid in full by deferred payments in such installments as the trustee in his sole discretion shall deem appropriate." Secondly, paragraph 5 of the Debtor's plan sets forth that claims "allowed for post petition debts incurred by debtor may be paid in full and in such other and on such terms as the Trustee, in his sole discretion, may determine"

In conclusion, the Court finds that the portion of the Claimant's proof of claim allocable to postpetition real estate taxes, in the amount of $6,018.38, should be allowed pursuant to § 1305(a)(1). Conversely, the remaining amount of real estate taxes owed to the Claimant, in the amount of $2,021.08, must be disallowed as an untimely claim pursuant to § 502(b)(9). In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 13

In re: Susan Faye Jenkins
Case No. 07-31191

Accordingly, it is

**ORDERED** that the Objection of the Debtor, Susan Faye Jenkins, to the Notice of Intention to Pay Claim filed by the Trustee, be, and is hereby, Sustained in Part and Denied in Part.

**IT IS FURTHER ORDERED** that the Objection of the Debtor to the Proof of Claim filed by the Claimant, the Mercer County Treasurer, in the amount of $8,039.46, be, and is hereby, Sustained in Part and Denied in Part

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. §§ 501, 502 and 1305(a)(1), the proof of claim filed by the Claimant, the Mercer County Treasurer, is hereby allowed in the amount of $6,018.38.

Dated: August 3, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 14